**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-1957**

_____

In Re:  Grand Jury Subpoena

--------------------------

UNDER SEAL 1; UNDER SEAL 2,

Intervenors - Appellants,

v.

UNITED STATES OF AMERICA,

Appellee.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.   John A. Gibney, Jr.,
District Judge. (3:12-MS-00256-1)

_____

Argued:  September 16, 2013        Decided:  October 16, 2013

_____

Before MOTZ, KING, and THACKER, Circuit Judges.

_____

Affirmed in part and vacated in part by unpublished per curiam
opinion.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellants[1] challenge the district court's order granting the government's Motion to Compel Documents and Testimony Pursuant to Grand Jury Subpoena (the "Motion"). In its order, the district court concluded that: (1) certain emails sent by a government-employed lawyer were not protected by the attorney-client privilege, and (2) the attorney-client privilege does not exist between a government official and a government-employed lawyer in the context of a criminal investigation.

We affirm the order of the district court only as to the emails in question. We vacate the remainder of the court's order.

I.

During the course of a grand jury investigation, the government issued a subpoena duces tecum to one of the Appellants requiring, inter alia, the production of "all emails" between that Appellant and a government-employed lawyer referencing certain topics. App. 35.[2] The Appellant listed two

---

[1] Because this appeal concerns an ongoing grand jury investigation, "we use generic terms to refer" to the parties involved. In re: Grand Jury Subpoena, 341 F.3d 331, 333 n.1 (4th Cir. 2003).

[2] Citations to "App." refer to the Appendix filed by the parties in this appeal. The Appendix has been filed under seal.

2

such emails on its privilege log as being protected by the attorney-client privilege. See id. at 30. The government subsequently filed the Motion, which requested not only a ruling that the Appellant "failed to meet its burden of demonstrating that the documents withheld are privileged," but also "a judicial determination that no . . . attorney-client privilege exists between" the Appellant and a government-employed lawyer. Id. at 1.

The district court held a hearing, permitted the second Appellant to intervene, and granted the Motion, explaining, "the evidence produced in this case does not establish that the privilege applies in this case," and more broadly, "the attorney-client privilege may not be asserted in criminal investigations to protect communications between a government official and a government-employed lawyer." App. 88. Appellants filed a timely notice of appeal.

## II.

### A.

This court reviews a district court's evidentiary rulings -- including privilege determinations -- for abuse of discretion, "factual findings as to whether a privilege applies for clear error, and the application of legal principles de novo." United States v. Hamilton, 701 F.3d 404, 407 (4th Cir. 2012).

It is well-settled that "confidential conversations between a defendant and his counsel generally are protected by the attorney-client privilege, which affords the communications complete protection from disclosure." United States v. Lentz, 524 F.3d 501, 523 (4th Cir. 2008) (internal quotation marks omitted). This court has held, "[t]he burden is on the proponent of the attorney-client privilege to demonstrate its applicability. The proponent must establish not only that an attorney-client relationship existed, but also that the particular communications at issue are privileged and that the privilege was not waived." In re: Grand Jury Subpoena, 341 F.3d 331, 335 (4th Cir. 2003). The proponent must prove,

> (1) the asserted holder of the privilege is or sought to become a client;
>
> (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer;
>
> (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and
>
> (4) the privilege has been (a) claimed and (b) not waived by the client.

Lentz, 524 F.3d at 523 (internal quotation marks omitted).

We agree with the district court that Appellants have not met their burden of establishing the emails are protected by

4

the attorney-client privilege. Specifically, they do not meet elements two and three above. At the district court hearing, the government-employed lawyer could not (or at least did not) testify that he was acting as a lawyer or providing an opinion of law or legal services to Appellants with respect to the emails. See App. 118. The lawyer's own declaration fails to state the same. See id. at 83-84. Appellants provided no other affidavits, statements, or witnesses on this point.

Appellants argue they need not do so. They posit that it is sufficient that the government-employed lawyer generally stated, "one of my primary roles is providing the [government official] with advice" regarding certain issues. See App. 110. In so arguing, they rely heavily on In re Lindsey, which stated,

> We have little doubt that at least one of Lindsey's conversations subject to grand jury questioning "concerned the seeking of legal advice" and was between President Clinton and Lindsey or between others in the White House and Lindsey while Lindsey was "acting in his professional capacity" as an attorney. Before the grand jury, Lindsey spoke of many instances when legal advice would clearly have been appropriate, . . . and he specifically affirmed that there were times when White House staff members came to him in his role as a member of the White House Counsel's Office . . . . Furthermore, there were times when Lindsey only invoked executive privilege, . . . at least implying that he invoked attorney-client privilege only when he thought it appropriate to do so. The issue whether the government attorney-client privilege could be invoked in these circumstances is therefore ripe for decision.

5

158 F.3d 1263, 1271 (D.C. Cir. 1998) (citations omitted) (emphasis in original). But even <u>Lindsey</u> recognizes, "consultation with one admitted to the bar but not in that other person's role as lawyer is not protected" and requires the proponent of the privilege to "present the underlying facts demonstrating the existence of the privilege in order to carry its burden." <u>Id.</u> at 1270 (internal quotation marks omitted). Appellants utterly failed to present any specific underlying facts to establish the privilege and meet their burden. The record contains evidence of not even a single conversation between the government official and the government-employed lawyer that concerned the seeking of legal advice. Thus, <u>Lindsey</u> is unavailing.

## B.

Having decided that Appellants failed to meet their burden as to the two emails, we must now address whether we can review the district court's broad ruling that the attorney-client privilege does not exist between a government official and a government-employed lawyer in the context of a criminal investigation. We conclude that the issue is moot, and to review it at this juncture would be to render an advisory opinion.

Having decided that the two emails -- the only concrete evidence in this record -- do not give rise to the

6

privilege, there is no remaining justiciable dispute before us. Indeed, review of the aforementioned broad ruling "could not possibly have any practical effect on the outcome of the matter" concerning the two emails, and therefore, the "dispute is moot [because] the parties lack a legally cognizable interest in the outcome." Norfolk S. Ry. Co. v. City of Alexandria, 608 F.3d 150, 161 (4th Cir. 2010); see also Reynolds v. Am. Nat'l Red Cross, 701 F.3d 143, 156 (4th Cir. 2012). In such a situation, "[t]he customary practice . . . is to vacate the moot aspects of the lower court's judgment." Norfolk S. Ry., 608 F.3d at 161.

Furthermore, if we were to decide this moot issue, we would be issuing an impermissible advisory opinion. Norfolk S. Ry., 608 F.3d at 161 ("'To decide a moot issue is to issue an advisory opinion.'" (quoting Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009))); see also Flast v. Cohen, 392 U.S. 83, 96 (1968) ("[T]he oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions." (internal quotation marks omitted)); Shenandoah Valley Network v. Capka, 669 F.3d 194, 202 (4th Cir. 2012) ("[A] dispute is lacking here — and because we cannot issue an advisory opinion — we have no authority to adjudicate this suit.").

Considering this authority, and the fact that Appellants have proffered only conclusory and hypothetical

7

assertions to support their claim that the attorney-client privilege applies to the grand jury investigation as a whole, we decline to assess their blanket assertion of the privilege. We note, however, that should the record be more fully developed through the course of the grand jury investigation such that a concrete dispute arises as to particular communications, justiciable claims may yet lie.

## III.

For the foregoing reasons, we affirm the district court's ruling that the two emails in question are not protected by the attorney-client privilege, and we vacate as moot the court's broad ruling regarding the scope of the privilege between a government official and a government-employed lawyer in the context of a criminal investigation.

AFFIRMED IN PART
AND VACATED IN PART